No. 12970

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE ex rel., ROGER SLOVAK,

                Relator,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT OF THE
STATE OF MONTANA, in and for the COUNTY OF YELLOWSTONE and
the HONORABLE CHARLES B. SANDE, Judge of the Thirteenth
Judicial District, Judge Presiding,

                Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relator:

        Cate, Lynaugh and Fitzgerald, Billings, Montana
        Jerome J. Cate and Thomas Lynaugh argued, Billings,
        Montana

    For Respondents:

        Crowley, Kilbourne, Haughey, Hanson and Gallagher,
        Billings, Montana
        Jack Ramirez argued, Billings, Montana

---

Submitted: April 7, 1975

Decided: APR 2 9 1975

Filed: APR 2 9 1975

_Thomas J. Kearney_
                      Clerk

Honorable E. Gardner Brownlee, District Judge, sitting in place of Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

Roger Slovak, relator herein, filed an action in Yellowstone County district court wherein he alleged the named defendant was guilty of negligent driving and caused damage to relator's automobile in the sum of $2,000 as well as extensive injuries to his person. Subsequent to filing the action, relator's insurance carrier reimbursed relator for all but $100 of the property damage. Defendant in the district court action moved to dismiss that portion of the property damage claim which had been paid by the insurance company for the reason that as to that amount plaintiff (relator) was not the real party in interest and therefore was not entitled to prosecute the action pursuant to Rule 17(a), M.R.Civ.P.

A hearing on the motion was held and the district court then entered this order:

> "IT IS, THEREFORE, ORDERED that the plaintiff's insurance carrier must within twenty (20) days from the date of this order be joined as a party plaintiff or file written ratification in this action; and, upon its failure to do so in the time specified, the action will be dismissed, without prejudice, as to its subrogation interest."

Relator has applied to this Court for a writ of supervisory control because his insurance company does not desire to be joined as a party plaintiff in the district court action. Neither does it desire to ratify relator's action nor execute an assignment of its possible claim against the district court defendant. The reason is the existence of a binding arbitration agreement between it and the insurance company representing the district court defendant.

The basic question presented here is: Where an insurer has paid all or a part of a loss sustained by its insured and has thereby become subrogated to that extent to any claim against

- 2 -

a third party for the loss, what is the effect of Rule 17(a), M.R.Civ.P. on an action brought against the third party?  Rule 17(a) provides:

> "Every action shall be prosecuted in the name of the real party in interest.  An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made, for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state of Montana so provides, an action for the use or benefit of another shall be brought in the name of the state of Montana.  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action has been commenced in the name of the real party in interest."

Relator's position is well presented in his brief, wherein he states:

> "In conclusion it is submitted that the adoption of the rule which permits the insured to bring suit for the entire amount of his loss in his own name, without requiring the joinder of his subrogating insurance carrier, is the only view consistent with the policy of the Montana Supreme Court against disclosure of insurance and the only position consistent with the law in Montana that the Plaintiff has the right to prove and recover for all of his actual damage under the collateral source rule whether paid for by his insurance or the insurance of the Defendants.  Further, the adoption of the rule here proposed by Plaintiff does not prejudice the Defendants in any manner since the absence of the insurer as a party does not deprive them of any defenses nor does it subject them to a multiplicity of law suits since the entire claim is presented in one suit, which is after all the purpose of Rule 17 requiring joinder of real party in interest.  Further, it should be stated that the only result in joining the Plaintiff's insurer would be to prejudice the jury by making an impression in their minds that the Plaintiff has already been compensated for all his special damages, which is not true by any means."

In federal courts, in those instances where the insurance company has become partially subrogated to the claim of the

insured, the majority rule is that the insurer is the real party in interest under Rule 17 of the Federal Rules of Civil Procedure and that the defendant in an action brought solely by the insured can compel the joinder of the insurance company if jurisdiction can be obtained. 6 Wright & Miller Federal Practice and Procedure; Civil § 1546; 6 Cyclopedia of Federal Procedure, § 21.25; and 3A Moore's Federal Practice Sect. 17.09 [2.-1].

With respect to decisions of state courts pertaining to situations in which the insured is only partially compensated for the loss by insurance, apparently four different approaches have been taken. 44 Am Jur 2d § 1853, p. 782 contains this analysis:

> "Under statutes or rules providing that every action must be prosecuted in the name of the real party in interest, it is generally held that where the loss exceeds the insurance and the insurance company therefore pays only a portion of the loss sustained by its insured, both the insured and the insurer ordinarily qualify as real parties in interest in an action against an alleged tortfeasor responsible for the loss, since each owns a part of the claim against such tortfeasor.
>
> "There are, however, a number of different views as to the proper party to prosecute the action against the tortfeasor. All of the views are based upon the doctrine prohibiting the splitting of a cause of action, but represent different lines of reasoning. On the basis of the underlying reasoning, the cases are divisible into three groups presenting four major views. One group comprises cases wherein the courts accord more weight to the doctrine of indivisibility of a cause of action than to the real party in interest statute or rule. This reasoning has produced two major views which, broadly stated are: (1) the insurer's subrogation rights should be enforced through the insured, so that the insured is the only proper party to prosecute an action for the full amount of the loss; and (2) an action against the tortfeasor should be prosecuted by the insured and insurer jointly. The second group of cases consists of those wherein the courts accord more weight to the real party in interest statute or rule than to the doctrine of indivisibility of a cause of action. This reasoning has produced the major view, broadly stated, that the insured

> may prosecute an action for the full amount of the loss, or either the insured or the insurer may separately sue for his portion of the loss, and if the action is instituted by either one alone, the defendant can compel joinder of the other or may waive joinder. The third group of cases embraces those wherein the real party in interest is deemed to be the person owning the entire cause of action, and wherein the view is taken that the name in which the action must be prosecuted depends upon the extent of the assignment or subrogation. But despite the great variation in the language enunciating the first three major views and their numerous variants, in the final analysis there is, from the practical viewpoint, very little difference between them, because under any of them (1) the insured may sue for the full amount of the loss in the absence of objection by the defendant, and except in those jurisdictions wherein the insurer is deemed a proper but not necessary party, the defendant may, on proper and timely objection, compel joinder of the insurer; (2) where either the insured or the insurer institutes a separate action to recover only its portion of the loss, the defendant can, on timely and proper objection, compel joinder of the other; (3) the insured and insurer may jointly prosecute an action for the full amount of the loss; and (4) joinder of the insured and insurer where either proper or necessary may be waived by the defendant." (Emphasis supplied.) See also: Anno. 13 ALR3d 140.

The underlined portion of the above analysis represents the Montana law. Section 67-1103, R.C.M. 1947, specifically allows the assignment of "A thing in action, arising out of the violation of a right of property * * *." In Caledonia Ins. Co. v. N.P. Ry. Co., 32 Mont. 46, 79 P. 544, the Court stated: " * * * subrogation is merely an equitable assignment, or an assignment by operation of law." In the instant case an action has been filed to recover for the property damage. Upon defendant's proper objection that all the real parties in interest had not been joined the court ordered such joinder or dismissal.

Relator argues that the collateral source rule precludes the insurance company from being joined as the real party in interest. The purpose of the collateral source rule is to prevent the reduction of the defendant's liability by the amount of collateral benefits received by the plaintiff. There is no effort here to

reduce the amount of damages which might be ultimately recoverable. Here the maximum amount of recovery for the property damage is the sum of $2,000, and the only question is -- who gets the money? Relator is not entitled to more than $100 and, therefore, would not be allowed to prove a loss in any greater amount without some ratification by the insurance company of a claim for a greater amount.

Relator further argues the district court ruling improperly injects insurance into the case. If such is the case, it is because relator seeks to recover on behalf of his insurance company or has taken such steps as would require the joinder of the insurance company and therefore if he is prejudiced in any manner it is entirely because of his own actions. Relator can avoid the injection of insurance into this action, the choice is his.

The application for a writ of supervisory control is denied.

_____
Hon. E. Gardner Brownlee, district judge, sitting in place of Mr. Chief Justice James T. Harrison.

We concur:

_____

_____

_____

Justices

- 6 -