No. 12951

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

BEATRICE ANN BERGH,

Plaintiff and Appellant,

-vs-

JOHN C. ROGERS,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

McNamer and Thompson, Billings, Montana
Charles R. Cashmore argued, Billings, Montana

For Respondent:

Keefer and Roybal, Billings, Montana
Neil S. Keefer argued, Billings, Montana

---

Submitted: May 7, 1975
Decided: JUN 19 1975

Filed: JUN 19 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal arises from a negligence action filed in the district court, Yellowstone County, in November 1972. Plaintiff Beatrice Ann Bergh alleged damage to her vehicle resulting from an intersection collision proximately caused by defendant John C. Rogers' negligent operation of his automobile. Defendant answered and counterclaimed, alleging the accident was proximately caused by plaintiff's own negligence.

Plaintiff's insurer Mountain West Farm Bureau Mutual Insurance Company, hereinafter referred to as Mountain West, paid for the repair of all damage to her vehicle, other than a $25 deductible. Although Mountain West thereby became subrogated to a major portion of plaintiff's claim, it was not named as a party plaintiff in this action.

At the pretrial conference defendant filed a "Motion to Prohibit the Introduction of Evidence by Plaintiff" based on failure to comply with the "real party in interest" requirement of Rule 17(a), M.R.Civ.P. That motion was granted and plaintiff's subsequent motion for leave to amend the complaint by joining Mountain West as a plaintiff was denied. The district court then granted defendant's motion for dismissal. That dismissal operates as a bar to further litigation since the statute of limitations has run on this claim.

This appeal, taken from the district court's rulings and its final judgment in favor of defendant, centers on a single issue: Did the district court err in denying plaintiff's motion for leave to join an additional party plaintiff?

Consideration of that issue necessarily involves Rule 17(a), M.R.Civ.P., which provides:

> "Every action shall be prosecuted in the
> name of the real party in interest. * * * No
> action shall be dismissed on the ground that it
> is not prosecuted in the name of the real party
> in interest until a reasonable time has been
> allowed after objection for ratification of
> commencement of the action by, or joinder or
> substitution of, the real party in interest;
> and such ratification, joinder, or substitution
> shall have the same effect as if the action had
> been commenced in the name of the real party in
> interest."

The parties here agree that Mountain West was a real party in interest and this Court's recent decision in State ex rel. Slovak v. District Court, ____Mont._____, 534 P.2d 850, 32 St. Rep. 420, compels that conclusion. Rule 17(a), M.R.Civ.P., is therefore clearly applicable.

The Advisory Committee's notes accompanying Rule 17(a) are helpful in determining the proper construction to be given the language contained therein. The Advisory Committee's note to the September 29, 1967, amendment to Rule 17(a), M.R.Civ.P., states:

> "The provision that no action shall be
> dismissed on the ground that it is not prosecuted
> in the name of the real party in interest until
> a reasonable time has been allowed after the
> objection has been raised for ratification, etc.,
> keeps pace with modern decisions which, in the
> interests of justice, are inclined to be lenient
> when an honest mistake has been made in choosing
> the party in whose name the action is filed."

That language clearly draws on the comments to the comparable federal rule which noted that the amendment was an attempt "to codify in broad terms the salutary principle of Levinson v. Deupree, 345 U.S. 648 (1953), and Link Aviation, Inc. v. Downs, 325 F.2d 613 (D.C.Cir.1963)." Advisory Committee Notes to 1966 Amendment to Fed.R.Civ.P., Rule 17(a), 12 Wright & Miller, Federal Practice and Procedure, p. 398.

Our review of the language of the rule, the advisory committee notes to both the federal and Montana rules, and the cases cited therein lead us to conclude the district court here

erred in refusing to allow joinder of a real party in interest--
the subrogated insurance company, Mountain West. The factual
situation here is similar to that before the court in Link Aviation
Inc. v. Downs, 325 F.2d 613, 615, when it considered the amendment
to Rule 17(a) and applied it to those facts by holding:

> "* * * though brought in the name of the
> insureds, this suit was not a nullity, since, as
> we hold, it was brought for the use of the real
> parties in interest. It was thus not so lacking
> in validity as to furnish no support for a motion
> to bring it into compliance with Rule 17(a). Any
> other rule would be highly technical without
> meaningful purpose. The complaint alleged injury
> at the hands of defendants. The suit was to
> recover therefor. That the recovery, if made,
> would inure not to the benefit of the nominal
> plaintiffs, but to that of the insurers because
> they had made the plaintiffs whole, did not
> deprive the suit of a status which enabled the
> insurers to substitute themselves as plaintiffs
> and continue the suit in their own names in
> compliance with Rule 17(a). For us 'To hold
> otherwise would be nothing less than a narrow
> and ill-grounded construction of the rules of
> civil procedure not in harmony with their intent
> and purpose.' [Citing cases]"

The court reached that holding even though the statute of
limitations had run on plaintiffs' claim, similar to the situa-
tion here.

Plaintiff's motion here should have been granted by
the district court. Since the judgment entered herein was
predicated, at least in part, on the absence of a real party
in interest, we reverse and remand for further proceedings
consistent with this opinion.

_____
                        Justice

We Concur:

_____
  Chief Justice


_____


_____


_____
  Justices.                - 4 -