No. 13174

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA ex rel NAWD'S
T.V. AND APPLIANCE INC., et al.,

Relators,

-vs-

THE DISTRICT COURT OF THE THIRTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
YELLOWSTONE, and the HON. ROBERT H. WILSON,
Judge of the Thirteenth Judicial District,
Judge presiding,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

McNamer, Thompson and Cashmore, Billings, Montana
Charles Cashmore argued Billings, Montana

For Respondent:

Crowley, Kilbourne, Haughey, Hanson & Gallagher,
Billings, Montana
Allen J. Lerner argued, Billings, Montana

---

Submitted: October 30, 1975

Decided: DEC 16 1975

Filed: DEC 6 75

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Relators seek a writ of supervisory control to review and modify a district court order requiring substitution and joinder of several parties plaintiff in a damage action. Specifically, the district court of Yellowstone County ordered substitution of fully subrogated insurers for their respective insureds as plaintiffs, and ordered joinder of partially subrogated insurers as additional plaintiffs.

Relators herein filed an action for damages against the manufacturer of Magnavox television sets and its subsidiary as a result of a fire on November 5, 1971, on the premises of one of its franchised retailers in Billings, Montana. The complaint alleges the fire was caused by a defectively designed and manufactured TV set. Recovery is sought on the basis of negligence, breach of warranty and strict liability in tort. Damages claimed include property damage, personal injuries and business losses.

Plaintiffs in the damage action, relators here, have been compensated, in whole or in part, by their respective insurance carriers and each carrier has become subrogated, to the extent of its payment, to the rights of its insured against defendants.

Defendants in the damage action moved (1) for summary judgment against the plaintiffs who had been fully compensated by their respective insurance carriers, and (2) for partial summary judgment against those plaintiffs who had been partially compensated by their respective insurance carriers, or in the alternative for joinder of such carriers as real parties in interest. Plaintiffs responded by requesting the district court to permit ratification in lieu of substitution or joinder for both classes of carriers under Rule 17(a), M.R.Civ.P.

On September 10, 1975, the district court entered an order: (1) Denying defendants' motions for summary judgment and partial

summary judgment, (2) requiring fully subrogated carriers substituted for their respective insureds, and (3) requiring partially subrogated carriers joined as additional parties plaintiff.

The issue before this Court is whether the district court's order is correct. There is no issue in this proceeding concerning the district/ court's denial of summary judgment or partial summary judgment.

The controlling statute on the remainder of the district court's order is Rule 17(a), M.R.Civ.P., which provides in pertinent part:

> "(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest * * *. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

At the outset we note that subrogated insurance carriers are real parties in interest within the meaning of Rule 17(a), M.R.Civ.P., and governed by its provisions. State ex rel. Slovak v. Dist. Ct., ____Mont.____, 534 P.2d 850, 32 St.Rep. 420; Bergh v. Rogers, ____Mont.____, 536 P.2d 1190, 32 St.Rep. 644.

The general rule is that a fully subrogated insurer is the real party in interest and must bring suit in its own name against the wrongdoer responsible for the loss. The reason for this rule is that when a loss is fully paid by an insurer and the insurer becomes subrogated to the insured's claim against the wrongdoer, the insured no longer has a right of action against the wrongdoer. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L ed 171; J. C. Livestock Sales Inc. v. Schoof, 208 Kan. 289, 491 P.2d 560; Connor v. Thompson Con-

- 3 -

struction and Development Co., (Iowa 1969), 166 N.W.2d 109. 46 C.J.S. Insurance § 1209(c)(2)(b), p. 171; 6 Wright & Miller, Federal Practice and Procedure: Civil §1546, p. 656; 16 Couch on Insurance 2d, §61:26.

Thus fully subrogated carriers will be allowed to be substituted as the real parties in interest. The purpose of the last sentence of Rule 17(a), M.R.Civ.P., is to insure that good faith amendments substituting the real party in interest will be allowed and will relate back to the filing of the original suit without being barred by the statute of limitations. Courts are lenient in allowing substitution when an honest mistake has been made in determining which party should file suit. Substitution brings the party actually entitled to recover into the suit, making it res judicata and protecting the defendant from a subsequent suit by this party. 3A Moore's Federal Practice 2d, Para. 17.01[8], 17.02, pp. 24, 25, 53. We find no reason to hold otherwise under Montana's Rule 17(a).

When an insurance carrier pays only part of its insured's loss because the loss exceeds the coverage of the insurance policy or the policy contains a deductible amount, both the insured and the carrier have a claim for relief against the wrongdoer and either may bring suit in his own name to the extent of his respective claim. In federal courts, in the past, the rule generally has been that when either the insured or the insurer sues and the other party does not voluntarily join in bringing the suit, the defendant can move to have the absent party joined to protect himself from multiple law suits. United States v. Aetna Cas. & Surety Co., supra; 6 Wright & Miller, Federal Practice and Procedure: Civil §1546, pp. 659, 660.

Joinder, however, is no longer the only method of protecting the defendant from multiple law suits. In 1966 the

federal Rule of Civil Procedure 17(a) was amended to allow "ratification of commencement of the action by, or joinder or substitution of, the real party in interest" when the defendant objects to the absence of the real party in interest from the suit. Montana similarily amended its Rule of Civ. Procedure 17(a), by an order of this Court dated September 29, 1967, effective January 1, 1968.

Since the federal amendment in 1966, ratification has principally been used to bind a partially subrogated insurance carrier to the law suit initiated by its insured. Southern National Bank of Houston, Tex. v. Tri Financial Corp., 317 F.Supp. 1173. Other cases approving ratification include: Honey v. George Hyman Construction Co., 63 F.R.D. 443; Pace v. General Electric Company, 55 F.R.D. 215; Urrutia Aviation Enterprises, Inc. v. B.B. Burson & Asso. Inc., 406 F.2d 769.

The present rule has been construed in this language in 6 Wright & Miller, Federal Practice and Procedure Civil § 1555, p. 709:

> "Formal joinder or substitution of the real party
> in interest will not be necessary when he ratifies
> the commencement of the action. * * *"

Ratification will bind the partially subrogated insurance carriers to the present litigation and allow defendants to present all of their defenses as well as protect them from subsequent law suits.

Respondent contends that Rule 17(a) gives the district court the discretionary power to determine whether compliance will be by joinder or ratification. It is argued that since the district court has ordered compliance by joinder the judgment cannot be overturned unless the court abused its discretion. This contention is not supported by the plain language of the statute. In the construction of a statute, the function of the

court is simply to ascertain and declare what is in terms or substance contained in the statute and not to insert what has been omitted. Section 93-401-15, R.C.M. 1947; Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660.

Rule 17(a), M.R.Civ.P., does not grant the district court discretionary power to pick the method of complying with the rule. The rule plainly provides that a reasonable time will be given to allow the real party in interest to bind himself to the suit by ratification, joinder, or substitution. The method of compliance is optional with the real party in interest. For the district court to have the discretionary power to determine the mode of compliance, the language of the rule would have to be changed. The accomplishment of such change under the guise of construction would give the rule an added meaning not to be found in the plain and unambiguous language of the rule. Montana Deaconess Hospital v. Cascade County, 164 Mont. 256, 521 P.2d 203; Ross v. City of Long Beach, 24 Cal.2d 258, 148 P.2d 649; Scott v. Society of Russian Israelites, 59 Neb. 571, 81 N.W. 624.

Defendants in the district court will be as adequately protected through ratification by partially subrogated insurance carriers as by joinder in the light of the purposes of the real party in interest requirement of Rule 17(a), M.R.Civ.P.

The order of the district court is modified to permit ratification at the option of partially subrogated insurance carriers. In all other respects, the writ is denied.

_____
                Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -