No. 13563

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE OF MONTANA, on the relation
of SEYMOUR M. BOHRER, MILLER MUTUAL
FIRE INSURANCE COMPANY, a corporation;
and HOME INSURANCE COMPANY, a corporation,

Relators,

-vs-

THE DISTRICT COURT OF THE SECOND JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF SILVER BOW; and THE HON.
ARNOLD OLSEN, Judge thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

> Poore, McKenzie, Roth, Robischon & Robinson,
>  Butte, Montana
> Urban L. Roth argued, Butte, Montana

For Respondents:

> Garlington, Lohn and Robinson, Missoula, Montana
> Gary L. Graham argued, Missoula, Montana
> Henningsen, Purcell and Genzberger, Butte,
>  Montana
> James E. Purcell argued, Butte, Montana
> Corette, Smith and Dean, Butte, Montana
> Schulz, Davis and Warren, Dillon, Montana
> Swanberg, Koby, Swanberg and Matteucci,
>  Great Falls, Montana
> Raymond F. Koby Jr. argued, Great Falls, Montana

---

Submitted:  October 27, 1976

Decided: NOV 17 1976

Filed: NOV 17 1976

Thomas J. Kearney
_____
                          Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding wherein relators seek an appropriate writ to overturn the respondent court's order denying their motion to withdraw as parties plaintiff in an action filed in respondent court entitled: "Seymour M. Bohrer; Miller Mutual Fire Insurance Company, a corporation; and Home Insurance Company, a corporation, Plaintiffs, vs. Steve Clark, d/b/a Steve Clark Construction; Shaefer Plumbing & Sheet Metal, Inc.; Levitt Construction Systems, Inc., a corporation; The Majestic Company, a corporation, and Morgan Drive Away, a corporation, Defendants." Counsel was heard ex parte and the matter taken under advisement. Thereafter an order for an adversary hearing was issued. Such hearing was held, briefs in opposition filed, all counsel heard in oral argument, and the matter submitted for decision.

It appears that Bohrer filed the above mentioned action in his own name for loss sustained in the amount of $61,639.67 against the defendants. On July 23, 1975, The Majestic Company moved to compel Bohrer to join as necessary parties any insurance company who was partially or entirely subrogated to his loss. Miller Mutual Fire Insurance Company and Home Insurance Company had paid $51,693 of this loss, and pursuant to the motion a second amended complaint was filed including these insurers as plaintiffs. Thereafter these plaintiff insurers, relators here, moved to withdraw as parties plaintiff, at which time the case had not been set for a pretrial hearing nor jury trial. On September 23, 1976, the respondent district judge issued an order denying the motion to withdraw. Affidavits had been filed along with this motion and in which the insurers had ratified the action of Bohrer and agreed to be bound by the outcome of such litigation.

- 2 -

The parties to this original proceeding all agree that the language of State ex rel. Nawd's T.V. and Appliance, Inc. v. District Court, ____Mont.____, 543 P.2d 1336, 32 St. Rep. 1222 (1975), is determinative that a partially subrogated insurer can elect to be bound by ratification, joinder, or substitution. Furthermore, the election is his alone to make and the district court is given no discretion in deciding whether compliance with Rule 17, M.R.Civ.P., will be by joinder or ratification.

The defendants in the action in the district court argue that relators should not prevail here for two reasons:

(1) The motion to withdraw came too late since the insurers elected to become parties plaintiff in the second amended complaint, and they are bound by that election.

(2) Retroactive effect should not be given to the Nawd's T.V. ruling.

The crucial language of Rule 17, M.R.Civ.P. states:

> " * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis supplied.)

As can easily be seen, the plain import of this language gives the real party in interest the option of binding himself by ratification, joinder, or substitution. This option was not granted by the Nawd's T.V. decision but by Rule 17, M.R. Civ.P., when it was amended in 1968.

This rule does not provide any language stating that once a real party in interest has chosen one of the three possible means of binding himself to the action, he is barred from changing his mind and proceeding in another manner. As pointed out

in <u>Nawd's T.V.</u> this election belongs to the real party in interest, and the only authority in the district court is to make sure one of the three, ratification, joinder, or substitution, is adhered to after objection has been made under Rule 17.

This option as to which means the real party in interest wishes to proceed belongs solely to him. We hold that ordinarily he is entitled to change his mind and proceed under any of the three means, even though he has made a previous election, as long as such action on his part is prompt and has no prejudicial effect on any party to the action.

In this case the partially subrogated insurers had joined as parties plaintiff in the second amended complaint, but prior to the scheduling of a pretrial hearing or trial. They filed affidavits of ratification and moved to withdraw as parties plaintiff. Through such ratification these insurers were bound to the action under Rule 17, M.R.Civ.P. The defendants are not subjected to possible double jeopardy, and we perceive no prejudice to defendants due to relators' action.

Therefore the order of the district court is vacated. A new order shall issue granting the motion of relators. This opinion shall constitute a writ of supervisory control for the guidance of the district court.

_____
                                       Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -