No. 86-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

LEE McDONALD,

          Plaintiff and Respondent,

   -vs-

WALLACE C. GRASSLE, ELOISE B. GRASSLE
AND FERN HART,

          Defendants and Respondents,

   and

DARRELL TVARUZEK,

          Intervenor and Appellant.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Snavely & Phillips; Robert J. Phillips, Missoula,
        Montana (Tvaruzek)

    For Respondents:

        Geiszler, Taylor, Newcomer & McClain; Timothy D.
        Geiszler, Missoula, Montana (Grassles)
        Ellingson & Moe; Nancy K. Moe, Missoula, Montana
        (McDonald)
        Michael Sehestedt, Deputy County Attorney, Missoula,
        Montana  (Hart)

---

Submitted on Briefs:  May 28, 1987

Decided: August 5, 1987

Filed:  AUG 5 - 1987

*Ethel M. Harrison*

---
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The intervenor, Darrell Tvaruzek appeals a Missoula County District Court order rejecting his claim to recover the purchase price of a tract of land sold to him by McDonald. McDonald obtained the property through a tax sale, but the court found that the original owners, the Grassles, timely redeemed the title to the property. The District Court ordered McDonald to pay attorney fees incurred by Tvaruzek in defending his unsuccessful claim of title against the Grassles.

Tvaruzek appeals the following issue:

Whether the District Court erred in refusing to award Tvaruzek the purchase price paid to McDonald because Tvaruzek had been reimbursed pursuant to a title insurance policy?

McDonald cross-appeals the following two issues:

1) Whether Montana statutes on tax sales and tax deeds have the plain meaning of the statutory language;

2) Whether the attorney fee award to intervenor Tvaruzek was proper despite evidence that Tvaruzek's attorney was also retained by the title insurance company.

We affirm.

In 1976, the Grassles purchased real property in Missoula County near Seeley Lake, Montana for $7,000. The property is adjacent to property owned by intervenor Tvaruzek. As a result of new job opportunities, the Grassles moved to Oregon in 1979 and to Minnesota in 1980. In July 1980, the property was sold to Missoula County because of an unpaid 1979 tax assessment. In January 1983, the county executed an assignment of certificate of tax sale to McDonald. McDonald filed a complaint seeking the issuance of a deed of conveyance and personal service was made on the

2

county treasurer, Fern Hart. Personal service on the Grassles at their address in the county was unsuccessful. In addition, copies of the summons and complaint sent to the Grassles' last known address were returned as undeliverable. Service upon the Grassles was subsequently accomplished through legal publication. On August 24, 1983, the court entered a default judgment against the Grassles, and ordered the issuance of a deed of conveyance to McDonald. McDonald paid a total of $592.14 in costs to acquire property for which the Grassles had paid $7,000 in 1976. The Grassles visited Missoula and learned for the first time on August 26, 1983, that title to their property had been conveyed to McDonald as a result of an unpaid 1979 tax assessment. The Grassles allege that they sent a personal check to their son in Missoula in June 1981 with instructions to pay all taxes on the property. The son paid the 1980 taxes but not the 1979 taxes for reasons unknown. On September 8, 1983, McDonald conveyed title by warranty deed to Tvaruzek for $6,500. On October 25, 1983, the Grassles moved to set aside the default order under Rule 60(b), M.R.Civ.P. Tvaruzek alleges that at the time title was conveyed to him he was unaware of the Grassles' prior ownership interest. The court set aside the default order on November 16, 1983. Tvaruzek tendered the defense of title to the property to McDonald in December 1983, but McDonald refused to defend on that basis. Tvaruzek subsequently retained counsel and incurred attorney fees of $2,332.71 in defending his claim of title to the property. The court then ordered the dismissal of Fern Hart, the Missoula County treasurer, from the action. Tvaruzek filed his complaint in intervention in February 1984 and alleged he had no notice of the Grassles' right of redemption claim until November 16, 1983, when the court decided to set aside the judgment of default against the Grassles. Both

3

Tvaruzek and the defendants moved for summary judgment and in November 1984, the court ruled for defendants Hart and the Grassles, holding that the Grassles' title to the property was superior to the claims of all other parties.

In June 1985, Tvaruzek received $6,500 from Fidelity National Title Insurance Company pursuant to a title insurance policy paid by the seller, McDonald. In 1986, trial was held on Tvaruzek's breach of warranty claim against McDonald. Tvaruzek argued he was entitled to damages resulting from McDonald's failure to convey a clear chain of title to him and a failure to defend Tvaruzek's possession of the property. After trial, the court granted McDonald's motion to amend his complaint to include the affirmative defense of payment by the insurance company to Tvaruzek. Tvaruzek admitted in his trial testimony to having received $6,500 from the title insurance company. The court also allowed Tvaruzek time to prepare an affidavit of attorney fees he incurred in defending title to the property. The court's rationale for granting McDonald's post-trial motion to amend was as follows: "In the interest of justice, the Court will allow the amendment since there is no genuine surprise to Tvaruzek nor will Tvaruzek be prejudiced by the amendment." In essence, the court ruled that Tvaruzek's title claim was subrogated to the insurance company and therefore Tvaruzek no longer had a cause of action against McDonald for the sum of $6,500. However, the court said that Tvaruzek "may still seek recovery of any other detriment caused by the breach of warranty." (Emphasis added.) The court concluded that McDonald breached his duty to defend and as a result Tvaruzek was entitled to attorney fees and costs ($3,416.71) incurred in defending his title against the Grassles up to the time title was restored to the Grassles in December 1984.

4

The issue raised by Tvaruzek is whether the District Court erred in refusing to award Tvaruzek the purchase price paid to McDonald because Tvaruzek had been reimbursed pursuant to a title insurance policy. The question involves subrogation, discussed in detail in Skauge v. Mountain States Tel. & Tel. Co. (1977), 172 Mont. 521, 524-25, 565 P.2d 628, 630:

> Subrogation is a device of equity which is designed to compel the ultimate payment of a debt by the one who in justice, equity and good conscience should pay it. Bower v. Tebbs, 132 Mont. 146, 314 P.2d 731. A property insurer who has indemnified the insured is usually subrogated to any rights the insured may have against the third party who is responsible for the loss. The theory behind this principle is that absent repayment of the insurer the insured would be unjustly enriched by virtue of recovery from both the insurer and the wrongdoer, or in absence of such double recovery by the insured, the third party would go free despite his legal obligation in connection with loss. (Emphasis added.)

Subrogation in a legal sense arises upon the fact of payment by the insurer, rather than by contract between the parties. Skauge, 565 P.2d at 630. It is the substitution of another person in place of the creditor, so that the person substituted will succeed to the rights of the creditor in relation to the debt or claim. Skauge, 565 P.2d at 630.

We concur with the lower court's ruling on this matter despite our reservations on granting a post-trial motion to amend. Equity deems it necessary that the insurance company be subrogated to Tvaruzek's interests against McDonald, as the court held:

> 5. Upon receipt of $6,500 from the Fidelity National Title Insurance

> Company, the claim of Tvaruzek was subrogated to Fidelity National Title Insurance Company, and Tvaruzek no longer had a right of action against McDonald for the sum of $6,500. If Fidelity National Title Insurance Company desires to recover $6,500 from McDonald, they must bring an action in their own name. Tvaruzek may still seek recovery of any other detriment caused by the breach of warranty. State ex rel. Nawd's TV and Appliance, Inc. v. District Court, 168 Mont. 456 (1975).

We conclude that since Tvaruzek has already been compensated, it would not be just to permit him to pursue McDonald for the purchase price of $6,500. Legal subrogation arose by the fact of the insurance company's $6,500 payment to Tvaruzek in 1985. At that point the insurance company succeeded to Tvaruzek's rights on the title claim as against McDonald. We note that the court did not foreclose Tvaruzek from seeking other means of recovery on the breach of warranty claim. We believe that the ends of justice have been well-served by the disposition of the issue raised by Tvaruzek.

McDonald raises two issues on cross-appeal. The first is whether Montana statutes on tax sales and tax deeds have the plain meaning of the statutory language. We point out that a tax deed is not derivative but creates a new title in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not expressly exempted from its operation. Rist v. Toole County (1945), 117 Mont. 426, 442, 159 P.2d 340, 347. Since this case involves the setting aside of a default judgment in a tax deed setting, we refer to Rule 60(b), M.R.Civ.P., which reads in part:

> When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on

6

> such terms as may be just, such defendant
> or his legal representative, at any time
> within 180 days after the rendition of
> any judgment in such action, to answer to
> the merits of the original action.
> (Emphasis added.)

The statutory expression "any cause" indicates the legislature did not intend to preclude a party in a tax deed action from using the rule if the court's discretion would so allow.

At this point, we wish to summarize two important aspects of this case. First, the Grassles received no personal service of this action. Service was accomplished through legal publication. The Grassles did not learn of the suit until they personally checked the records in Missoula in August 1983. Since the Grassles were not personally served they were entitled to use Rule 60(b) to set aside the order of default.

Second, the facts show that the Grassles moved promptly to set aside the August 24, 1983 default judgment, having filed a motion on October 25, 1983 to set aside the judgment. The Grassles' response was taken within 180 days of the judgment as required by Rule 60(b) and we conclude that the Grassles' action was timely.

McDonald's second issue on cross-appeal is whether the attorney fee award to intervenor Tvaruzek was proper despite evidence that Tvaruzek's attorney was also retained by the title insurance company. The facts reveal that Tvaruzek contacted his attorney for legal representation. Subsequently, the title insurance company agreed to undertake the title defense of the case and began paying attorney fees to Tvaruzek's counsel. The fees related to Tvaruzek's efforts to defend title subsequent to McDonald's refusal to do so, and the court found that the fees were recoverable

7

against McDonald.  We conclude that the attorney fee award to Tvaruzek was proper.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices