No.   95-432

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

KENNETH GORDON,

      Plaintiff and Appellant,

  v.

DONALD E.  "GENE" HEDMAN and
HEDMAN, HILEMAN & LACOSTA,

      Defendants  and  Respondents

FILED

JUN 2 5 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Sara R. Sexe, Jason G. Dykstra, Marra, Wenz, Johnson
           & Hopkins, Great Falls, Montana

       For Respondent:

           Tracy Axelberg, Axelberg & Kalkstein, Missoula,
           Montana


                        Submitted on Briefs:  March 2, 1996

                              Decided:  June 25, 1996

Filed:

_____
      Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant, Kenneth Gordon, filed a complaint in the Eleventh Judicial District Court, Flathead County, alleging professional malpractice by respondent and his law firm. Respondent filed a motion to dismiss which the District Court granted. Appellant appeals that decision.

We reverse and remand.

We restate the dispositive issues as follows:

1. Did the District Court err in ruling that absent a relationship of subrogation, Home Insurance Company was unable to substitute itself as the real party in interest pursuant to Rule 17(a), M.R.Civ.P.?

2. Did the District Court err in dismissing the action for failure to state a claim upon which relief could be granted?

FACTS

The facts and allegations as set forth in appellant's complaint are as follows: All parties to this action are residents of Flathead County, Montana. Appellant and respondent began their attorney-client relationship in the fall of 1990 when respondent agreed to represent appellant in an action arising from the termination of appellant's disability benefits from the Anaconda Aluminum/ARCO Long-Term Disability Plan.

Appellant's complaint alleges that respondent failed to timely or properly pursue an action for breach of fiduciary duty by Thomas L. Jacobs, the administrator of the disability plan. The complaint asserts that, although respondent did file an action on behalf of

2

appellant, it was filed after the time allowed by the applicable statute of limitations. Moreover, the complaint alleges that respondent improperly filed in State District Court, rather than in Federal District Court, and that respondent failed to invoke the appropriate sections of the Employees Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Appellant asserts that this claim, if successful, would have provided certain equitable, remedial, and legal remedies.

The complaint further alleges that, because of the attorney-client relationship, respondent had a duty to represent appellant with the reasonable care, skill and diligence possessed and exercised by an ordinary attorney under similar circumstances. Appellant asserts that respondent breached his professional duty by failing to adequately represent appellant's interests and that, consequently, appellant suffered damages.

In May 1995, respondent filed a motion to dismiss appellant's complaint. In his brief in support of the motion, respondent alleges that appellant had made similar claims in an earlier proceeding against another attorney who had represented appellant. Respondent attached a copy of the compliant. According to respondent, that action was ultimately settled and dismissed with prejudice. Respondent contends that as part of the settlement, appellant signed a release by which he unconditionally assigned any and all claims he had against respondent and the respondent law firm to the Home Insurance Company, the first attorney's malpractice carrier. The issue of whether a professional

3

negligence claim can be assigned is not raised by the parties or addressed by this Court.

Respondent alleges the proper plaintiff is Home Insurance Company as the purported assignee of any rights held by appellant and that, accordingly, appellant does not have standing to pursue this claim and the complaint should be dismissed.

Moreover, respondent argues that, even if appellant could proceed, he had signed an unequivocal release of any and all damages. Therefore, appellant had nothing to assign to the Home Insurance Company for the purpose of future action and, accordingly, the complaint- failed to state a claim upon which relief could be granted.

Following the submission of the motion to dismiss, appellant filed two ratifications of the present action pursuant to Rule 17(a), M.R.Civ.P. The law firm that first represented appellant and the Home Insurance Company filed documents reflecting ratification of the action brought by appellant. Both parties agreed to be bound by the result.

Following submission of the ratifications, the District Court granted respondent's motion to dismiss. In the order, the court found that the release appellant signed in conjunction with the settlement of the earlier- lawsuit did not create a right of subrogation in Home Insurance Company. Absent subrogation, the court concluded that "the substitution/ratification provision of Rule 17(a)" did not apply. Moreover, the District Court concluded

4

that appellant could not state a claim upon which relief could have been granted.

Appellant appeals.

## ISSUE ONE

Did the District court err in ruling that absent a relationship of subrogation that Home Insurance Company was unable to substitute itself as the real party in interest pursuant to Rule 17(a), M.R.Civ.P.?

An action must be prosecuted by the real party in interest. Rule 17(a), M.R.Civ.P. Rule 17 also provides that no action will be dismissed until a reasonable time has been allowed for ratification, substitution or joinder of the real party. The rule reads, in part, as follows:

> Rule 17(a). Real party in interest. Every action shall be prosecuted in the name of the real party in interest. A personal representative, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made-for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder, or substitution of, the real party in interest; and such ratification, joinder, or substitution, shall have the same effect as if the action had been commenced in the name of the real party in interest.

The rule was intended to protect individuals from harassment and multiple suits by persons not bound by the claim. See 6 Wright, Miller and Kane, Federal Practice and Procedure 51543 (1990).

Here, respondent correctly objected to appellant's role as plaintiff. Following respondent's objection, Bothe & Lauridsen and the Home Insurance Company both executed ratifications of Gordon's action. These documents were submitted prior to the court's ruling on respondent's motion to dismiss. In the order dismissing the complaint, the court concluded that neither substitution or ratification of this action was possible under Rule 17(a), M.R.Civ.P., because of the nature of the relationship between appellant and the insurance company.

Appellant argues that the District Court erred in this conclusion. In support of his argument, appellant refers to the last sentence of Rule 17(a), M.R.Civ.P.: "No action shall be dismissed . until a reasonable **time** has been allowed after objection for ratification . . . " Appellant contends that Rule 17(a), M.R.Civ.P., was satisfied because the purported real party in interest, Home Insurance Company, ratified the action. Furthermore, appellant argues that a decision regarding the method of compliance with Rule 17(a), M.R.Civ.P., rests solely with the real party. In support of this argument, appellant cites State ex. rel. Nawd's T.V. v. District Court (1975), 168 Mont. 456, 543 P.2d 1336.

In Nawd's, the plaintiff sought a writ of supervisory control after the district court had issued an order requiring "substitution and joinder" of the plaintiff's insurer in the action. We held that Rule 17(a), M.R.Civ.P., "plainly provides that a reasonable time will be given to allow the real party in

interest to bind himself to the suit by ratification, joinder, or substitution." <u>Nawd's,</u> 543 P.2d at 1339 (emphasis omitted).

This Court reviewed the question of whether a district court had the discretion to decide which method a real party had to use in order to bind itself to litigation under Rule 17(a), M.R.Civ.P. In that decision, the parties included fully and partially subrogated insurance carriers, and this Court held that partially subrogated insurance carriers had the option of choosing the method of ratification. <u>Nawd's,</u> 543 P.2d at 1339.

In this case, the District Court concluded that despite appellant's efforts to create a right of subrogation through assignment, appellant and the Home Insurance Company were not in the position of subrogor to subrogee, and, therefore, the action was not amenable to substitution or ratification pursuant to Rule 17(a), M.R.Civ.P., citing to State ex. Rel. Slovak v. District Court (1975), 166 Mont. 485, 534 P.2d 850. Consequently, the court granted respondent's motion, and dismissed appellant's complaint.

According to the release document, appellant assigned all of his interest in the present action to Home Insurance Company, Bothe, and Bothe and Lauridsen as part of the settlement in the earlier lawsuit. Since appellant had assigned his entire claim to the Home Insurance Company, this Court agrees with the District Court that appellant had no claim to file. Absent a claim to file, Home Insurance does not have a claim to ratify.

However, just because Home Insurance Company may not be able to ratify the current action does not mean it cannot substitute

itself as the real party in interest pursuant to Rule 17(a), M.R.Civ.P. The rule provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real **party** in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder, or substitution of, the real party in interest. Rule 17(a), M.R.Civ.P., does not distinguish between the party who has obtained an interest in an action through subrogation and the party who has obtained an interest through assignment by contract.

The plain language of Rule 17(a), M.R.Civ.P., gives the real party in interest the option of binding itself to litigation by "ratification, joinder, or substitution." State ex. rel. Bohrer v. District Court (1976), 171 Mont. 116, 118, 556 P.2d 899, 900. Although the real party in interest did not have the option of ratification as the assignee of plaintiff's claim, the role of the district court is to make sure that one of these methods has been adhered to after an objection has been made under Rule 17. Bohrer, 556 P.2d at 900. Once the objection to appellant as plaintiff was made, the real party had the option of binding itself to the suit through substitution. Bohrer, 556 P.2d at 900.

Following Home Insurance Company's attempt at ratification, the court simply granted respondent's motion to dismiss. Home Insurance Company was not given an opportunity to substitute itself as the real party in interest. Accordingly, we reverse the District Court in order to allow the real party in interest a

8

reasonable time in which to substitute itself as the real party in the present action.

## ISSUE TWO

Did the District Court err in dismissing this action for failure to state a claim upon which relief could be granted?

In the present action, the court looked to documents outside of the original pleadings. By doing so, the court constructively converted respondent's motion to dismiss into a motion for summary judgment without notice. See Rule 12(b)(6), M.R.Civ.P. This Court has consistently held that it is incumbent upon a district court to give parties formal notice of a conversion to summary judgment. Gebhardt v. D.A. Davidson & Co. (1983), 203 Mont. 384, 661 P.2d 855. After a party has been notified of the court's intentions, the parties then have a reasonable opportunity to present all material made pertinent to such a motion. State ex rel. Dept. of H. & E. S. v. City of Livingston (1976), 169 Mont. 431, 435, 548 P.2d 155, 157.

However, since we are reversing in order to allow the real party in interest the opportunity for substitution, the court's error in failing to notify the parties of its intent to convert the Rule 12(b)(6), M.R.Civ.P. motion to one for summary judgment is harmless error.

_____
Justice

We Concur::

_____
Chief Justice

9

Karla M. Gray

W. William Leaphart

Justices