FILED

September 13 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0594

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 224

CARTER BOEHM, TRUSTEE,

      Plaintiff and Appellant,

  v.

COKEDALE, LLC, a Montana Limited
Liability Company, and ALLEN CARTER,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 09-46
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robert L. Jovick; Attorney at Law, Livingston, Montana

      For Appellees:

      Leanne M. Schraudner; Schraudner & Hillier, L.L.P., Bozeman, Montana
(for Appellee Cokedale, LLC)

      Susan B. Swimley; Attorney at Law, Bozeman, Montana
(for Appellee Allen Carter)

      Ryan K. Jackson; Jackson Law, P.C., Bozeman, Montana
(for Appellee Allen Carter)

Submitted on Briefs:  July 27, 2011
Decided:  September 13, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Plaintiff Carter Boehm, Trustee, appeals from the District Court's Order on Summary Judgment filed November 1, 2010, granting summary judgment to Cokedale, LLC and Allen Carter, and awarding them attorneys' fees.  The defendants will be collectively referred to as "Cokedale" except when it is necessary to differentiate between the two.  We consider the following issues on appeal:

¶2    *1. Did the District Court err in awarding summary judgment to Cokedale for Boehm's failure to prosecute the action in the name of the real party in interest?*

¶3    *2. Did the District Court err in awarding attorneys' fees to the Defendants?*

## BACKGROUND

¶4    In 2005, Boehm purchased a 20-acre tract of land west of Livingston, Montana. At Boehm's request, the sellers deeded the property to "Carter Boehm, Trustee." Cokedale owns a larger parcel of land nearby and uphill from the Boehm tract.  During construction of a road up a steep hillside to reach Cokedale's land, rocks of various sizes rolled downhill into a creek and onto the Boehm property.  Defendant Allen Carter was associated with Cokedale in developing its property and constructing the road.

¶5    Boehm sued Cokedale for property damages caused by the rocks, and on April 10, 2009, filed a First Amended Complaint adding claims for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Those tort claims were based upon allegations that Carter and others "knocked Plaintiff's glasses from his head, knocked his cell phone, on which he was speaking from his hand, and

punched and kicked Plaintiff." Neither complaint alleged any facts concerning the purported trust. On May 4, 2009, Cokedale filed a request for a more definite statement of the claim, raising the issue whether "Carter Boehm, Trustee" was the real party in interest. In a pleading filed June 24, 2009, Boehm objected to providing a more definite statement, representing as follows:

> The real property at issue is held in the name of Carter Boehm, Trustee. *No trust exists* inasmuch as the designation of ownership in the name of a trustee is a convenience permitted under Montana law for the purpose of holding acquiring and holding [sic] real property *in anticipation of establishing a trust* for purpose of ownership. Accordingly, *this suit is brought by Carter Boehm personally and as owner of the real property at issue.*

(Emphasis supplied.) Contrary to these representations, Boehm did not seek to amend the complaint to include himself as a plaintiff in his personal capacity. The District Court denied the motion for a more definite statement, but directed the plaintiff to cooperate during discovery to address Cokedale's concerns.

¶6 During discovery, Boehm testified that it is his practice when he purchases real property to have the seller name him as a "trustee" in the deed. This, he said, is based on advice given him by an unnamed lawyer in Virginia in the 1980s. He also testified that as to the property involved in this action, there was no document that created the trust; that he did not know of any terms of the trust; that he did not know whether the trust was revocable or irrevocable; and that the trust had never filed a tax return.

¶7 After a period of discovery including depositions of the principal parties, on February 12, 2010, Cokedale moved for summary judgment, asking that either Carter Boehm be named the plaintiff as the real party in interest or, if not, that the action be

3

dismissed. Cokedale argued that discovery had not uncovered any facts supporting the existence of a trust and that therefore under M. R. Civ. P. 17(a), "Carter Boehm, Trustee" was not the real party in interest. In addition, Cokedale argued that since Boehm continued to maintain the action as a trustee, he could not maintain the personal tort claims for infliction of emotional distress or assault. Boehm resisted Cokedale's motion for summary judgment, arguing now that there was a valid trust under Montana law and that he could sue on all the claims in the amended complaint as a trustee. Boehm did not seek to amend the complaint to include himself as a plaintiff in his individual capacity.

¶8    The District Court held a hearing on the motion for summary judgment on September 30, 2010. Boehm's attorney argued that there was in fact a valid trust under Montana law and that it arose when Boehm took the property through a deed which identified him as "Carter Boehm, Trustee." Counsel asserted that Boehm requested the sellers name him as a "trustee" based upon legal advice Boehm obtained at some time in the past in another state. Counsel further asserted that Boehm was both trustee and beneficiary of the trust, and that the purpose of the trust was for "holding, further conveying, supervising that property." While acknowledging that Boehm never signed any document creating the trust, counsel argued the trust was created "as a matter of law" when Boehm took the deed identifying him as a "trustee." At the hearing the District Court gave Boehm's attorney the option to amend the complaint to add Boehm individually as a plaintiff, but counsel declined because he had no authority from Boehm to do so.

4

¶9      Thereafter, the District Court issued its Order on Summary Judgment, concluding that Boehm was not the trustee of any trust validly established under Montana law. The District Court found the purported trust had no named beneficiary or process for naming one as required by § 72-33-206, MCA; did not satisfy the statute of frauds requirement of § 72-33-208, MCA; and was not a trust created by operation of law. Since Boehm was perpetuating the lawsuit on behalf of a non-existent trust, the District Court granted Cokedale's motion for summary judgment.

¶10     The District Court then determined that Boehm's action had forced "basically innocent Defendants" to endure unnecessary expense and stress to defend themselves and that equity demanded a remedy. The District Court noted that Boehm had deliberately chosen throughout the case to assert he could maintain the action as a "trustee" and that Boehm had opposed all efforts to clarify the situation. Boehm's arguments about his capacity throughout the case caused much briefing and other proceedings that were "superfluous and unnecessary." Accordingly, the District Court awarded Cokedale their attorneys' fees and costs incurred since their Motion for More Definite Statement. The District Court's Judgment, entered February 9, 2011, awarded attorneys' fees and costs to Cokedale in the amount of $51,473.69 and to Carter in the amount of $23,616.78.

¶11     On appeal, Boehm asserts the District Court erred in its determination that there was no valid trust, leading to dismissal of the action, and improperly awarded attorneys' fees to Cokedale.

**STANDARD OF REVIEW**

5

¶12 This Court reviews *de novo* a district court's decision on a motion for summary judgment using the same criteria applied by the district court under M. R. Civ. P. 56. *Corporate Air v. Edwards Jet Center Montana, Inc.*, 2008 MT 283, ¶ 24, 345 Mont. 336, 190 P.3d 1111. This Court reviews a district court's award of attorneys' fees to determine whether the award was an abuse of discretion. *Kuhr v. City of Billings*, 2007 MT 201, ¶ 41, 338 Mont. 402, 168 P.3d 615.

## DISCUSSION

¶13 Issue 1: *Did the District Court err in granting summary judgment to Cokedale?* Cokedale's motion for summary judgment was based on M. R. Civ. P. 17(a). Cokedale contended that "Carter Boehm, Trustee" was not the real party in interest because Boehm was not the trustee of a valid trust, and that the tort claims for personal injury could not be maintained by a trustee.

¶14 It is clear the District Court properly concluded that Boehm was not the trustee of a valid trust. Boehm admitted in discovery the alleged trust was "undisclosed," was not in writing, had no identifiable terms, and never filed a tax return. While a trust may be created by the declaration of a property owner that he holds the property as a trustee, § 72-33-201(1), MCA, creation of that trust is "[s]ubject to other provisions" of the trust code. Those other statutory provisions, missing here—as evidenced by the "trust" Boehm described in his deposition—include a proper manifestation of a trustor to create a trust (§ 72-33-202, MCA); a trust purpose that can be determined with reasonable certainty (§ 72-33-205, MCA); a designated beneficiary or a trust instrument providing a way to determine the beneficiary (§ 72-33-206, MCA); and either a written instrument

6

signed by the trustee or the trustor (§ 72-33-208(1) and (2), MCA); or a trust created by operation of law (§ 72-33-208(3), MCA). While Boehm argues that a trust exists by operation of law, he has provided no facts to support the existence of a resulting trust (§§ 72-33-216, -217 and -218, MCA) or a constructive trust (§ 72-22-219, MCA). *Hilliard v. Hilliard*, 255 Mont. 487, 488-89, 844 P.2d 54, 55 (1992).

¶15    The party alleging the existence of any trust must establish it by clear and convincing evidence that is practically free from doubt. *LeFeber v. Johnson*, 2009 MT 188, ¶ 27, 351 Mont. 75, 209 P.3d 254. Boehm's evidence offered to support the existence of a trust in this case fell far short of that standard and the purported trust does not meet the clear requirements of Montana law. Therefore, the District Court properly concluded that Carter Boehm was not the trustee of a valid trust.

¶16    Boehm also argued that he could maintain claims against Cokedale for assault and battery, negligent infliction of emotional distress and intentional infliction of emotional distress. Quite clearly, those claims were based upon alleged personal injury to Carter Boehm, the individual. Boehm has not provided any authority that a person may sue as a "trustee" for his own personal injury simply because the alleged injuries occurred on property he claims to hold in trust. Absent such authority, we decline to further consider any contention that the complaint did not need to name Boehm in his individual capacity. *See In re Estate of Harmon*, 2011 MT 84, ¶ 28, 360 Mont. 150, 253 P.3d 821; *Johnston v. Palmer*, 2007 MT 99, ¶ 30, 337 Mont. 101, 158 P.3d 998; M. R. App. P. 12(f).

¶17    M. R. Civ. P. 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." That rule further provides:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest, and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

An important purpose of this rule in civil litigation is to insure the finality of judgments and to prevent a party from being subjected to multiple suits by persons not bound by the action. *Gordon v. Hedman*, 277 Mont. 96, 100, 918 P.2d 680, 682 (1996); *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 170 (4th Cir. 2001). (Montana's Rule 17 is identical to the same rule in the Federal Rules of Civil Procedure.) The Rule's caution against dismissal is intended to avoid forfeiture of just claims when "an honest mistake has been made in choosing the party in whose name the action is filed," in cases where determination of the proper party to bring suit is difficult, or where an understandable mistake has been made. *Intown*, 271 F.3d at 170-71. The plaintiff bears the burden of showing that he is the real party in interest. *Osrecovery, Inc. v. One Groupe International, Inc.*, 380 F.Supp. 2d 243, 247 (S. D. N. Y. 2005).

¶18 Therefore, the named plaintiff must be given a reasonable time "after an objection has been made under Rule 17" in which to cure any defect as to the real party in interest. *Gordon*, 277 Mont. at 101, 918 P.2d at 683. The determination of what constitutes a reasonable time after the opposing party raises the Rule 17 issue is left to the discretion of the court. *Osrecovery*, 380 F.Supp. 2d at 248.

¶19 In the present case, a year and a half elapsed between the time Cokedale first raised the real party in interest issue in its motion for a more definite statement (May 4,

8

2009) and the hearing on the motion for summary judgment (September 30, 2010). Thereafter, additional time elapsed until the District Court issued its order on summary judgment (November 1, 2010). In all this time Boehm did nothing to amend the complaint to join the lawsuit as a plaintiff in his personal capacity, and was unable to provide any substantial evidence to support his contention that he was the trustee of a valid trust or did not otherwise need to be named for his personal injury claims. A year and a half is well beyond a "reasonable time" contemplated under Rule 17(a), and in such a situation dismissal is appropriate. *Metal Forming Technologies, Inc. v. Marsh & McLennan Co.*, 224 F.R.D. 431, 437-38 (S.D. Ind. 2004) (failure to take affirmative steps to add the real party in interest for 14 months was not reasonable and warranted dismissal). At the conclusion of the summary judgment hearing, Boehm's attorney suggested he would consider amending the complaint if the District Court were inclined to determine that "Carter Boehm, Trustee" was not the real party in interest. By that time, however, the "reasonable time" provided for in Rule 17(a) had expired and Boehm had rejected the District Court's express offer to agree to join the action individually. Even after the hearing, Boehm did not seek to join as a plaintiff prior to the court's decision on the motion. The District Court did not err in denying Boehm yet another opportunity to do what should have been done more than a year before.

¶20 Moreover, this is not a case where there was any difficulty determining the identity of the real party in interest, or in which an honest mistake was made identifying the real party in interest. Boehm does not even claim that there was any such difficulty or mistake. Rather, he clings to the fiction that he was trustee of a trust who could maintain

9

the claims in this case based upon legal advice he obtained in another state in the 1980s. Boehm has not presented any legal or even tactical justification for not joining as a plaintiff in the lawsuit in his personal capacity and for insisting that he is suing only on behalf of a trust. Boehm could have saved his lawsuit from dismissal simply by including himself as a plaintiff in his individual capacity, but refused to avail himself of multiple opportunities to do so.

¶21 The District Court properly dismissed the action under M. R. Civ. P. 17(a).

¶22 *Issue 2: Did the District Court properly award attorneys' fees to Cokedale and Carter?*

¶23 The District Court awarded costs and attorneys' fees to Cokedale and Carter because Boehm's maintaining that the action was brought on behalf of a trust caused "exorbitant and unnecessary expense and stress by basically innocent Defendants forced to take on the expense of litigation." The District Court concluded that all briefing and proceedings related to the trust issue were "superfluous and unnecessary," and awarded all attorneys' fees incurred by Cokedale and Carter from the date of the motion for a more definite statement through the hearing on the motion for summary judgment. As previously noted, the total award to both defendants was approximately $75,000.

¶24 Boehm argues the award of attorneys' fees was unjustified because the underlying claims of trespass and property damage arising from the road construction were not frivolous. He further argues the District Court did not provide any justification for departing from the general rule that a prevailing party is not entitled to attorneys' fees absent a reason to apply the narrow exception of *Foy v. Anderson*, 176 Mont. 507, 580

10

P.2d 114 (1978). Boehm also notes the District Court improperly relied upon irrelevant findings that he was an overly litigious member of the "oblivious wealthy."

¶25 Cokedale argues the District Court was correct in the conclusion that Boehm's positions on the trust and real party in interest issues were not well taken and required unnecessary discovery and litigation. Cokedale analogizes this to the attorneys' fee award affirmed in *Zier v. Lewis*, 2009 MT 266, 352 Mont. 76, 218 P.3d 465, where the defendant was forced into litigation to "prove the obvious." Cokedale also relies upon § 37-61-421, MCA, which allows an award of attorneys' fees and costs against a party who "multiplies the proceedings in any case unreasonably and vexatiously . . . ."

¶26 As noted, Montana applies the "American Rule" that a prevailing party in civil litigation is not entitled to an award of attorneys' fees absent authorization by statute or contract. *Kennedy v. Dawson*, 1999 MT 265, ¶ 52, 296 Mont. 430, 989 P.2d 390. Here the court offered no statutory or contractual basis for awarding fees. In *Foy* this Court held that a district court dismissing an action has equitable power to grant "complete relief" to make a party whole, and that this includes the power to award attorneys' fees. *Foy*, 176 Mont. at 511-12, 580 P.2d at 116-17. The equitable power described in *Foy* is a narrow exception to the general rule. *Zier* at ¶ 28.

¶27 In the present case, the District Court provided little factual analysis and no legal analysis to support a departure from the rule that a prevailing party is not entitled to an award of attorneys' fees. Unlike *Zier* and *Foy,* the underlying action here, arising from trespass and damage caused by Cokedale's road building, was not frivolous. It is undisputed Cokedale built the road and, during the process, rocks rolled downhill onto

11

Boehm's property. This Court has recognized that exceptions to the American Rule should be applied only in rare instances and only when a party has been forced to defend against a wholly frivolous or malicious action. *Estate of Pruyn v. Axmen Propane, Inc.*, 2009 MT 448, ¶ 72, 354 Mont. 208, 223 P.3d 845.

¶28    In addition, even though Boehm's position on the trust issue could and should have been resolved early in the litigation, the District Court's award of attorneys' fees was not limited to fees incurred in resolving that issue. Rather, the fee award covered all fees incurred between the time of the motion for a more definite statement and the summary judgment hearing a year and a half later. During that time, the parties engaged in general discovery and filed motions on numerous issues, not all of which involved the trust issue and some of which were decided in Boehm's favor. Finally, we decline to apply § 37-61-421, MCA, because the District Court did not base the attorneys' fee award on that statute.

¶29    Therefore, the District Court abused its discretion in awarding attorneys' fees to Cokedale and Carter and the award of fees is reversed. Boehm does not separately contend the District Court's award of costs was error, and the award of costs to Cokedale and Carter is affirmed. Section 25-10-103, MCA.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER

12