JUSTICE BAKER,
concurring in part and dissenting in part. ¶32 I concur with the Court’s disposition of Issues One and Three, but dissent from its decision to award attorney’s fees. Applying the deferential standard of review accorded the trial court in such matters, and consistent with settled precedent under § 27-8-313, MCA, I would conclude that the District Court’s denial of fees was not an abuse of its discretion.
¶33 Before the District Court, the Svees sought fees on three grounds: first, that the City’s action was frivolous or brought in bad faith, justifying a fee award under § 25-10-711(l)(b), MCA; second, that they were entitled to fees under the equitable exception to the American Rule established in Foy v. Anderson, 176 Mont. 507, 580 P.2d 114 (1978); and third, that fees are “necessary or proper” as supplemental relief under § 27-8-313, MCA. The District Court analyzed and denied relief on all three grounds. The Svees appeal only the court’s third ruling. They do not challenge the court’s determination that the City acted in good faith in its attempt to enforce the ordinance, nor do they take issue with the court’s conclusion that the Svees were not “forced to hire an attorney to defend an action that is frivolous or utterly without merit,” as required by Foy. DeVoe v. City of Missoula, 2012 MT 72, ¶ 25, 364 Mont. 375, 274 P.3d 752.
¶34 In denying relief under § 27-8-313, MCA, the District Court noted that the case began as an enforcement action by the Cily and that the validity of the ordinance could have been challenged and resolved in that enforcement action. Thus, the Svees were not compelled “to litigate the validity of the ordinance through the UBJA” and their decision to do so “does not entitle them to attorney fees per se.” The District Court reasoned that “[i]t is axiomatic that the City has an obligation to enforce its ordinances and in this instance it was seeking to do just that.” The court observed that the City had made efforts to “secure an expeditious district court resolution of the matter” and that the issue was “resolved short of trial by briefs and a single oral argument.”
¶35 Our precedent is clear that “equitable considerations” are a “threshold determination” in a claim that fees are “necessary or proper” in a declaratory judgment action. W. Tradition F’ship, ¶ 12. We *170 identified in Buxbaum additional “tangible parameters” for a court to consider once that threshold standard is met. Buxbaum, ¶ 43. Although the Court points out that the award of fees is not limited to the insurance context (Opinion, ¶ 24), that is only the first component of the tangible parameters consideration. Renville, ¶ 27. The Court’s analysis falls short in attempting to satisfy the other two factors — whether a declaratory judgment action was necessary to establish the plaintiffs’ entitlement to relief and whether declaratory relief was necessary in order to change the status quo. Renville, ¶ 27. The District Court addressed these points directly, observing that the pursuit of a declaratory judgment was not “necessary” in order for the Svees to obtain relief, because the question was placed at issue by the City’s enforcement action. The District Court’s decision is faithM to the tangible parameters analysis articulated in Buxbaum: fees are “necessary or proper” only “when no other alternative was available” for a plaintiff to obtain relief except to seek a declaratory judgment. Buxbaum, ¶ 44 (quoting McConnell v. Hunt Sports Ent., 725 N.E.2d 1193, 1225 (Ohio Ct. App. 1999)). In Buxbaum, we quoted the Ohio court’s examples of why declaratory relief was “necessary” in those cases to obtain relief or change the status quo: “without a declaration, the insureds in Brandenburg would not have coverage under their insurance policy and the plaintiffs in Culberson would have a cloud on their title.” Buxbaum, ¶ 44 (quoting McConnell, 725 N.E.2d at 1225). Here, in contrast, without the Svees’ counter-petition for declaratory judgment, the City’s complaint still would have been litigated, the ordinance still would have been found invalid, and the Svees still would have a “legally patched roof and presumably “significant legal bills” Opinion, ¶ 27. Although the counter-petition may have served to focus the litigation, a plaintiffs “tactical” decision to seek a declaratory judgment, even though it “may have proved resourceful,” does not “equal necessary or proper as contemplated by the statute.” Buxbaum, ¶ 45 (quoting McConnell, 725 N.E.2d at 1225).
¶36 As we noted just last year, “only once have we upheld an award of attorney’s fees in a declaratory relief action under § 27-8-313, MCA.” Horace Mann Ins. Co. v. Hanke, 2013 MT 320, ¶ 35, 372 Mont. 350, 312 P.3d 429. That single occasion occurred inRenville, which we described in Hanke as an “outlier” with “extreme circumstances.” Hanke, ¶¶ 36, 38. The District Court found no such extreme situation here, distinguishing another district court decision where fees were awarded against a county under “egregious circumstances.” The Court does not find clear error in the District Court’s specific findings that this case *171 does not involve the “burdensome procedural history involved in Renville” or that the City’s “simply disjointed case management decisions” did not amount to lack of good faith. Though it bemoans the fact that “three years of litigation” were consumed in getting the case resolved, the record shows that less than a year and a half transpired from the date the City’s complaint was filed to the date of the District Court’s summaiy judgment order. The District Court determined that this case involved a good faith legal dispute over the validity of a municipal ordinance, noting that, like a state statute, it is “presumed valid unless a court determines otherwise.”
¶37 We criticized the District Court in Martin for “focus[ing] on the fact that SAIF ultimately prevailed in the litigation rather than thoroughly articulating why an award of attorney fees to SAIF would be ‘necessary and proper.’ ” Martin, ¶ 25 (quoting Renville, ¶ 27. The Court’s decision today suffers the same flaw. Its analysis is insufficient to support a conclusion that the District Court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason when it ruled that it was not “necessary” for the Svees to seek a declaratory judgment in order to obtain relief from the City’s enforcement of its ordinance. As the District Court rightly observed, if fees were awarded here, “attorney fees should arguably be awarded in every declaratory judgment action challenging a government enactment.” The court recognized that a private citizen opposing the government’s good faith attempt to enforce its regulations most likely will incur expense and delay. The court was within its discretion to determine that this case did not present the rare exception that justified a fee award. See also Wagner v. Woodward, 2012 MT 19, ¶ 81, 363 Mont. 403, 270 P.3d 21.
¶38 The decision to award fees in this case eviscerates the requirement that a declaratory judgment action be “necessary” in order for a party to obtain relief. Further, it disregards § 25-10-711(l)(b), MCA, which we have acknowledged is a statutory “guidepost” to award fees against a governmental entity based on considerations of bad faith or frivolous litigation. W. Tradition P’ship, ¶ 18. More, the Court appears to create an equitable exception to the American Rule broader than that recognized under Foy, which reserves an award of fees for “rare instances and only when a party has been forced to defend against a wholly frivolous or malicious action.” Boehm v. Cokedale, LLC, 2011 MT 224, ¶ 27, 362 Mont. 65, 261 P.3d 994 (citing Estofe of Pruyn v. Axmen Propane, Inc., 2009 MT 448, ¶ 72,354 Mont. 208, 223 P.3d 845). Today’s decision appears to require only that, in the *172 reviewing court’s view, the equities of the case support awarding fees to a citizen who incurs “significant legal bills” in a successful challenge to a governmental regulation. Opinion, ¶ 27. This conclusion not only departs from our established course in restricting the scope of exceptions to the American Buie, but charts a new path for obtaining fees against a governmental entity seeking to enforce its regulations. ¶39 I would affirm entirely the District Court’s judgment.